## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

PAOLA CANAS, LINA POSADA,
JESSICA BURCIAGA, and ROSIE
JONES,

       Plaintiffs,

v.                                                                    Case No. 3:16-cv-393-J-32JRK

FLASH DANCERS, INC.,

       Defendant.

_____

BROOKE TAYLOR aka Brooke
Johnson, LAURIE ANN YOUNG,
MALU LUND, SARA
UNDERWOOD, and JAMIE
EASON aka Jamie Middleton,

       Plaintiffs,

v.                                                                    Case No. 3:16-cv-394-J-32JRK

M.T. PRODUCTIONS IN
JACKSONVILLE, INC.,

       Defendant.

_____

## J U R Y   I N S T R U C T I O N S

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

## JURY INSTRUCTION NO. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## **JURY INSTRUCTION NO. 2**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## JURY INSTRUCTION NO. 3

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## **JURY INSTRUCTION NO. 4**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## <u>JURY INSTRUCTION NO. 5</u>

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## **JURY INSTRUCTION NO. 6**

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

When more than one claim is involved, you should consider each claim separately. And you must consider the case of each Plaintiff separately and individually. I will be giving you separate verdict forms for each Plaintiff to assist you in doing so.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## **JURY INSTRUCTION NO. 7**

Plaintiffs claim that Defendants are liable for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). To prove their claim, Plaintiffs must prove the following by a preponderance of the evidence:

- Defendants' advertisements were false or misleading;

- Defendants' advertisements deceived, or had the capacity to deceive, consumers;

- The deception had a material effect on purchasing decisions;

- The misrepresentation affected interstate commerce; and

- Plaintiffs have been, or are likely to be, injured as a result of the false advertising.

Additionally, Plaintiffs must prove the materiality of Defendants' advertising by showing that Defendants' deception is likely to influence consumers' purchasing decisions.

## JURY INSTRUCTION NO. 8

Plaintiffs also claim that Defendants are liable for false endorsement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). To prove their claims, Plaintiffs must prove the following by a preponderance of the evidence:

(1) Plaintiffs had trademark rights in their name, image, or likeness; and

(2) Defendants use of Plaintiffs' name, image, or likeness in Defendants' advertisements was likely to cause confusion among consumers as to the affiliation, connection, or association between Plaintiffs and the Defendants' businesses, or as to Plaintiffs' sponsorship or approval of Defendants' businesses.

You must first find that Plaintiffs have protectable rights to their trademarks. To have trademark rights, Plaintiffs do not need a registered mark. Instead, Plaintiffs need only prove by a preponderance of the evidence that each has an existing intent to commercialize an interest in her identity. This intent cannot be secret or undisclosed.

If you determine that Plaintiffs' likenesses are entitled to trademark protection, you must next determine whether Defendants violated the Lanham Act by using Plaintiffs images and/or likenesses without their consent to endorse Defendants products. For Plaintiffs to succeed on this portion of the claim, you must find by a preponderance of the evidence that Defendants:

1: Used Plaintiffs' trademarks in connection with the sale or offer to sell goods or services;

2: Used Plaintiffs' trademarks in commerce; and

3: Used Plaintiffs' trademarks in a manner that is likely to:

    a. cause confusion, mistake, or deception as to

    b. the source, origin, affiliation, approval, or sponsorship of Defendants' goods or services. "Source," "origin," "affiliation," "approval," or "sponsorship" means that the public believes that Defendants' goods or services come from, are affiliated with, are approved by, or are sponsored by Plaintiffs.

There are seven factors you can use to determine whether a likelihood of confusion exists. No single factor or consideration controls, and Plaintiffs are not required to prove that all, or even most, of the factors are present in any particular case. You also may use factors other than these seven. You should weigh all of the relevant evidence in determining whether a likelihood of confusion exists.

1. <u>Type and Strength of Plaintiffs' Trademark</u>

The first factor is the "type and strength" of the trademark. Some trademarks are stronger than others. The "stronger" the trademark, the more protection should be given to it.

I previously have instructed you that the Plaintiffs' "trademarks" are their intent to commercialize their identity or likeness. When evaluating the strength of Plaintiffs' trademarks, you also may consider the extent of any use by third parties of similar trademarks, Plaintiffs' promotional expenditures,

Plaintiffs' recognition among the segment of the public to whom the advertisements were directed, and the volume of Plaintiffs' revenue from their trademarks.

2. <u>Similarity of the Parties' Trademarks</u>

In evaluating whether trademarks are similar, you may consider the "overall impression" that Plaintiffs' trademarks and Defendants' advertisements create, including the appearance and manner in which they are used. You may look at the trademarks and advertisements as a whole rather than simply comparing their individual features.

3. <u>Similarity of the Parties' Goods or Services</u>

This factor considers not only whether the consuming public can readily distinguish between the parties' goods or services, but also whether the goods or services at issue are of a kind that the public attributes to a single source.

4. <u>Similarity of the Parties' Sales Channels, Distribution, and Customers</u>

This factor considers where, how, and to whom the parties' goods or services are sold. Similarities increase the possibility of consumer confusion, mistake, or deception.

5. <u>Similarity of the Parties' Advertising Media</u>

This factor looks to each party's method of advertising. It is not a requirement that Plaintiffs and Defendants advertise in the same magazines, publications, or other advertising outlets. The issue is whether the parties use

the same forums and media outlets to advertise, leading to possible confusion.

6. <u>Defendants' Intent</u>

You also may consider whether Defendants intended to infringe on Plaintiffs' trademark. That is, did Defendants use Plaintiffs' images with the intention of deriving a benefit from Plaintiffs' reputation? If you determine that Defendants intentionally ignored potential infringement, you may impute to Defendants an intent to infringe.

7. <u>Actual Confusion</u>

Because the presence of actual confusion usually is difficult to show, a finding of actual confusion is not required to find false endorsement. Alternatively, the absence of actual confusion does not necessarily mean Defendant is not liable for false endorsement.

The evidence of actual confusion of trademarks should be reasonably significant. You should weigh the alleged actual confusion using the following factors:

1. The amount and duration of the confusion;

2. The degree of familiarity the customer has with the goods or services;

3. The type of person complaining of the alleged actual confusion (for example, whether that person is a customer or a noncustomer); and

4. The alleged number of people who are actually confused (for example, whether the confused person is an actual customer or someone else).

13

## **JURY INSTRUCTION NO. 9**

In addition to pleading federal claims for false advertising and false endorsement, which I have just discussed, Plaintiffs also have claims under Florida law for unauthorized misappropriation of their likeness. The elements for this claim are:

1. Defendants published, printed, displayed, or otherwise publicly used Plaintiffs' portrait, photograph, or other likeness;

2. Defendants did so for any commercial or advertising purpose; and

3. Defendants did not have express written or oral consent to such use.

The Court has determined that Plaintiffs have proven this claim. Thus, you will only be responsible for considering the issue of damages for this claim.

## **JURY INSTRUCTION NO. 10**

Plaintiffs have brought claims against Defendants for unjust enrichment. To prove their unjust enrichment claims, Plaintiffs must prove by a preponderance of the evidence, each of the following:

1. The Plaintiffs conferred a benefit on the Defendants;

2. The Defendants knew of the benefit;

3. The Defendants accepted and retained the benefit; and

4. The circumstances are such that the Defendants should, in all fairness, be required to pay for the benefit.

If you find that Plaintiffs have proven each of these elements, then your verdict should be for the Plaintiffs. If, however, Plaintiffs have failed to prove any one or more of these elements, then your verdict should be for the Defendants.

**JURY INSTRUCTION NO. 11**

If you find that Plaintiffs have failed to prove their federal Lanham Act or unjust enrichment claims, as explained in Jury Instructions numbers 7, 8, and 10, you won't consider the question of damages for those claims. If, however, you find that Plaintiffs have proved one or more of their Lanham Act claims or their unjust enrichment claim by a preponderance of evidence, then you must determine whether Plaintiffs have proven damages. You will also consider the amount of Plaintiffs' damages for the state unauthorized misappropriation claim (as documented in Jury Instruction Number 9).

For the False Advertising and False Endorsement claims, Plaintiffs may recover their actual damages plus Defendants' profits attributable to the False Advertising or False Endorsement.

For the misappropriation of likeness claims, Plaintiffs may recover actual damages, a reasonable royalty, or both.

For the unjust enrichment claim, Plaintiffs may recover damages based on the value gained by Defendants.

You should determine damages separately for each claim, and any award of damages for one claim should not affect any other claim. The verdict forms will list the possible types of damages awardable for each claim. After you return your verdict, it will be for the Court to ensure there is no double recovery.

I will now define the different types of damages.

<u>Plaintiffs' Actual Monetary Damages</u>

You may award actual damages Plaintiffs have sustained. Actual damages allow Plaintiffs to recover their economic injuries caused by Defendants' wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. However, any award of actual damages to Plaintiffs must be just and reasonable, based on facts, and proved by Plaintiffs by a preponderance of the evidence.

<u>Defendants' Profits and Calculation of Profits</u>

You may also make an award based on an accounting of Defendants' profits if you find that:

- Defendants' conduct was willful and deliberate;

- Defendants were unjustly enriched; or

- An award of Defendants' profits is necessary to deter Defendants' future conduct.

A defendant commits a willful and deliberate violation when that defendant knowingly and purposefully capitalizes on and appropriates for itself the goodwill of a plaintiff.

"Unjust enrichment" occurs if Defendants receive benefits to which they are not entitled.

In determining Defendants' profits, Plaintiffs are only required to prove Defendants' gross sales during the time Defendants used Plaintiffs images.

Defendants may then prove the amount of sales made for reasons other than the infringement. Defendants also may prove their costs or other deductions which they claim should be subtracted from the amount of their sales to determine their profits on such sales. Any sales, costs, or deductions that Defendants prove by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Plaintiffs.

<u>Nominal Damages</u>

If you find that Defendants infringed Plaintiffs' trademarks, but you do not find that Plaintiffs sustained any actual damages or damages based on Defendants' profits, you may return a verdict for Plaintiffs and award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine.

<u>Reasonable Royalty</u>

Another method of calculating damages is by determining the reasonable royalty for use of Plaintiffs' images. That means you must determine how much each Plaintiff would have been paid as a reasonable royalty for Defendants' use of their images.

A reasonable royalty is the amount that a model and a buyer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you

should focus on what the expectations of the model and the buyer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations. In other words, a reasonable royalty can be defined as the fair market value for the use of the image. Fair market value is generally defined as what a willing buyer would pay to a willing seller, neither party being obligated to act.

## **JURY INSTRUCTION NO. 12**

The fact that I have determined that Plaintiffs have proven their state unauthorized misappropriation claim should not affect your consideration of the Lanham Act or unjust enrichment claims, nor your consideration of any damages issues.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## **JURY INSTRUCTION NO. 13**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.