UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BROOKE TAYLOR aka Brooke Johnson,

    Plaintiff,

v.                                              Case No. 3:16-cv-394-J-32JRK

M.T. PRODUCTIONS IN JACKSONVILLE, INC. d/b/a Thee Officers Club,

    Defendant.

_____

# VERDICT

We, the Jury, return the following verdict:

### Section One - Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising

1. Was M.T. Productions in Jacksonville, Inc.'s advertising featuring Plaintiff Brooke Taylor false or misleading? (*If your answer is "Yes" to this question, proceed to number 2; if, you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two*)



      ✓ Yes          ____ No

2. Did M.T. Productions in Jacksonville, Inc.'s advertising featuring Plaintiff Brooke Taylor deceive, or have the capacity to deceive, consumers? (*If you answer "Yes," proceed to number 3; if you answer "No," then you do not need*

*to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes      ____No

3. Did M.T. Productions in Jacksonville, Inc.'s deceptive advertising featuring Plaintiff Brooke Taylor have a material effect on consumers' purchasing decisions? *(If your answer is "Yes" to this question, proceed to number 4; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes      ____No

4. Did the product or service misrepresented by M.T. Productions in Jacksonville, Inc. affect or involve interstate commerce? *(If your answer is "Yes" to this question, proceed to number 5; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes      ____No

5. Did Plaintiff Brooke Taylor suffer actual damages as a result of M.T. Productions in Jacksonville, Inc.'s advertising featuring her image? *(After answering this question, proceed to number 6)*

____Yes      ✓ No

If your answer is "Yes," in what amount?

$_____

6. Was M.T. Productions in Jacksonville, Inc.'s conduct of using Plaintiff Brooke Taylor's trademark willful and deliberate, was M.T. Productions in Jacksonville, Inc. unjustly enriched, or is the award of M.T. Productions in Jacksonville, Inc.'s profits necessary to deter future conduct?

____Yes      ✓ No

If your answer is "Yes," in what amount?

$_____

*If you answered "No" for both questions 5 and 6, then proceed to number 7; if you answered "Yes" to either question or both, proceed to Section Two)*

7. Even though Plaintiff Brooke Taylor has not been awarded any actual monetary damages or M.T. Productions in Jacksonville, Inc.'s profits, is Plaintiff Brooke Taylor entitled to nominal damages as a result of any of M.T. Productions in Jacksonville, Inc.'s infringement of her trademark? (*When you have finished this question, proceed to Section Three*)

✓ Yes          ____ No

If your answer is "Yes," in what amount?

$ 2500.00

### Section Two - Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Endorsement

1. Does Plaintiff Brooke Taylor have trademark rights in her name, image, or likeness that is entitled to protection? (*If your answer is "Yes" to this question, proceed to number 2; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Three*)

✓ Yes          ____ No

2. Has Plaintiff Brooke Taylor proven by a preponderance of the evidence that M.T. Productions in Jacksonville, Inc.'s use of her name, image, or likeness in M.T. Productions in Jacksonville, Inc.'s advertisements was likely to cause confusion among consumers as to the affiliation, connection, or association between Brooke Taylor and M.T. Productions in Jacksonville, Inc., or as to Brooke Taylor's sponsorship or approval of M.T. Productions in Jacksonville, Inc.? (*If your answer is "Yes" to this question, proceed to number 3;*

*if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Three)*

✓ Yes          ____ No

3. Did Plaintiff Brooke Taylor suffer any actual damages as a result of the M.T. Productions in Jacksonville, Inc.'s use of her trademark? (*After answering this question, proceed to number 4*)

____ Yes          ✓ No

If your answer is "Yes," in what amount?

$ _____

4. Was M.T. Productions in Jacksonville, Inc.'s conduct of using Plaintiff Brooke Taylor's trademark willful and deliberate, M.T. Productions in Jacksonville, Inc. unjustly enriched, or is the award of M.T. Productions in Jacksonville, Inc.'s profits necessary to deter future conduct?

____ Yes          ✓ No

If yes, in what amount?

$ _____

*If you answered "No" for both questions 3 and 4, then proceed to number 5; if you answered "Yes" to either question or both, proceed to Section Three)*

5. Even though Plaintiff Brooke Taylor has not been awarded any actual monetary damages or M.T. Productions in Jacksonville, Inc.'s profits, is Plaintiff Brooke Taylor entitled to nominal damages as a result of M.T. Productions in Jacksonville, Inc.'s infringement of her trademark? (*When you have finished this question, proceed to Section Three*)

✓ Yes          ____ No

4

If your answer is "Yes," in what amount?

$ 2500.00

### Section Three - Violation of Fla. Stat. § 540.08 and Common Law: Misappropriation of Name or Likeness

1.   The Court has found as a matter of law that M.T. Productions in Jacksonville, Inc. is liable for unauthorized misappropriation of Plaintiff Brooke Taylor's image. Thus, you will only consider the issue of damages. What is the amount of damages that should be awarded to Plaintiff Brooke Taylor for the misappropriation of her image?

Actual Damages (excluding a reasonable royalty):

$ _____

Reasonable Royalty:

$ 5000.00

### Section Four - Unjust Enrichment

1.   Was M.T. Productions in Jacksonville, Inc. unjustly enriched from using Plaintiff Brooke Taylor's image?

_____ Yes          ✗ No

If yes, in what amount has M.T. Productions in Jacksonville, Inc. been unjustly enriched that should be returned to Plaintiff Brooke Taylor?

$ _____

*After answering this question, the foreperson should sign and date this verdict form, and you should proceed to any remaining verdict forms.*

SO SAY WE ALL this 29 day of July, 2019.

5

_____
Foreperson