UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURIE ANN YOUNG,

    Plaintiff,

v.                                  Case No. 3:16-cv-394-J-32JRK

M.T. PRODUCTIONS IN
JACKSONVILLE, INC. d/b/a Thee
Officers Club,

    Defendant.

### VERDICT

We, the Jury, return the following verdict:

### Section One - Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Advertising

1. Was M.T. Productions in Jacksonville, Inc.'s advertising featuring Plaintiff Laurie Ann Young false or misleading? (*If your answer is "Yes" to this question, proceed to number 2; if, you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two*)



      ✓ Yes                        ____ No

2. Did M.T. Productions in Jacksonville, Inc.'s advertising featuring Plaintiff Laurie Ann Young deceive, or have the capacity to deceive, consumers? (*If you answer "Yes," proceed to number 3; if you answer "No," then you do not*

*need to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes          ___ No

3. Did M.T. Productions in Jacksonville, Inc.'s deceptive advertising featuring Plaintiff Laurie Ann Young have a material effect on consumers' purchasing decisions? *(If your answer is "Yes" to this question, proceed to number 4; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes          ___ No

4. Did the product or service misrepresented by M.T. Productions in Jacksonville, Inc. affect or involve interstate commerce? *(If your answer is "Yes" to this question, proceed to number 5; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Two)*

✓ Yes          ___ No

5. Did Plaintiff Laurie Ann Young suffer actual damages as a result of M.T. Productions in Jacksonville, Inc.'s advertising featuring her image? *(After answering this question, proceed to number 6)*

___ Yes          ✓ No

If your answer is "Yes," in what amount?

$_____

6. Was M.T. Productions in Jacksonville, Inc.'s conduct of using Plaintiff Laurie Ann Young's trademark willful and deliberate, was M.T. Productions in Jacksonville, Inc. unjustly enriched, or is the award of M.T. Productions in Jacksonville, Inc.'s profits necessary to deter future conduct?

___ Yes          ✓ No

If your answer is "Yes," in what amount?

$_____

*If you answered "No" for both questions 5 and 6, then proceed to number 7; if you answered "Yes" to either question or both, proceed to Section Two)*

7. Even though Plaintiff Laurie Ann Young has not been awarded any actual monetary damages or M.T. Productions in Jacksonville, Inc.'s profits, is Plaintiff Laurie Ann Young entitled to nominal damages as a result of any of M.T. Productions in Jacksonville, Inc.'s infringement of her trademark? *(When you have finished this question, proceed to Section Three)*

✓ Yes    ____ No

If your answer is "Yes," in what amount?

$ 7,500.00

### Section Two - Violation of the Lanham Act, 15 U.S.C. § 1125(a): False Endorsement

1. Does Plaintiff Laurie Ann Young have trademark rights in her name, image, or likeness that is entitled to protection? *(If your answer is "Yes" to this question, proceed to number 2; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Three)*

✓ Yes    ____ No

2. Has Plaintiff Laurie Ann Young proven by a preponderance of the evidence that M.T. Productions in Jacksonville, Inc.'s use of her name, image, or likeness in M.T. Productions in Jacksonville, Inc.'s advertisements was likely to cause confusion among consumers as to the affiliation, connection, or association between Laurie Ann Young and M.T. Productions in Jacksonville, Inc., or as to Laurie Ann Young's sponsorship or approval of M.T. Productions in Jacksonville, Inc.? *(If your answer is "Yes" to this question, proceed to number*

3

*3; if you answer "No," then you do not need to answer any more questions in this section and you should proceed to Section Three)*

✓ Yes        _____No

3. Did Plaintiff Laurie Ann Young suffer any actual damages as a result of the M.T. Productions in Jacksonville, Inc.'s use of her trademark? *(After answering this question, proceed to number 4)*

_____Yes        ✓ No

If your answer is "Yes," in what amount?

$_____

4. Was M.T. Productions in Jacksonville, Inc.'s conduct of using Plaintiff Laurie Ann Young's trademark willful and deliberate, M.T. Productions in Jacksonville, Inc. unjustly enriched, or is the award of M.T. Productions in Jacksonville, Inc.'s profits necessary to deter future conduct?

_____Yes        ✓ No

If yes, in what amount?

$_____

*If you answered "No" for both questions 3 and 4, then proceed to number 5; if you answered "Yes" to either question or both, proceed to Section Three)*

5. Even though Plaintiff Laurie Ann Young has not been awarded any actual monetary damages or M.T. Productions in Jacksonville, Inc.'s profits, is Plaintiff Laurie Ann Young entitled to nominal damages as a result of M.T. Productions in Jacksonville, Inc.'s infringement of her trademark? *(When you have finished this question, proceed to Section Three)*

✓ Yes        _____No

4

If your answer is "Yes," in what amount?

$ 7,500.00

### Section Three - Violation of Fla. Stat. § 540.08 and Common Law: Misappropriation of Name or Likeness

1.    The Court has found as a matter of law that M.T. Productions in Jacksonville, Inc. is liable for unauthorized misappropriation of Plaintiff Laurie Ann Young's image. Thus, you will only consider the issue of damages. What is the amount of damages that should be awarded to Plaintiff Laurie Ann Young for the misappropriation of her image?

Actual Damages (excluding a reasonable royalty):

$ 0

Reasonable Royalty:

$ 15,000.00

### Section Four - Unjust Enrichment

1.    Was M.T. Productions in Jacksonville, Inc. unjustly enriched from using Plaintiff Laurie Ann Young's image?

_____Yes          ✓ No

If yes, in what amount has M.T. Productions in Jacksonville, Inc. been unjustly enriched that should be returned to Plaintiff Laurie Ann Young?

$_____

*After answering this question, the foreperson should sign and date this verdict form, and you should proceed to any remaining verdict forms.*

SO SAY WE ALL this __29__ day of July, 2019.

_____
Foreperson