**EXHIBIT "D"**

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| PAOLA CANAS, LINA POSADA, JESSICA BURCIAGA, JAIME EDMONDSON, and ROSIE JONES,<br>　　　　Plaintiffs,<br><br>- against -<br><br>FLASH DANCERS, INC. d/b/a FLASH DANCERS and MICHAEL TOMKOVICH,<br>　　　　Defendants. | Case No.: 3:16-CV-00393-TJC-JRK[1] |
| BROOKE TAYLOR a/k/a BROOKE JOHNSON, LAURIE ANN YOUNG, MALU LUND, SARA UNDERWOOD, and JAMIE EASON a/k/a JAMIE MIDDLETON,<br>　　　　Plaintiffs,<br><br>- against -<br><br>M.T. PRODUCTIONS IN JACKSONVILLE, INC. d/b/a THEE OFFICERS CLUB, and MICHAEL TOMKOVICH,<br>　　　　Defendants. | Case No.: 3:16-cv-00394-TJC-JRK |

**DECLARATION OF MICHAEL T. FACKLER**

Pursuant to 28 U.S.C. § 1746, Michael T. Fackler hereby declares and states as follows:

1.　　I am over 18 years of age, suffer from no known disability, and have personal knowledge of the facts set forth herein. All the statements in this declaration are true and correct.

2.　　I am an attorney licenses to practice law in the State of Florida and I am a member in good standing of the Florida Bar.  I am a partner of the law firm of Milam Howard Nicandri

---

[1]　　The parties have settled their claims in Case No. 3:16-CV-00392-TJC-JBT, which was part of this consolidated action.

1

Gillam & Renner, P.A., 14 East Bay Street Jacksonville, FL 32202.

3. I have been practicing law in Florida since my admission in 2002. I served as a law clerk to the Honorable Harvey E. Schlesinger from 2002 to 2004 and have been in the private practice since the end of the clerkship.

4. Additionally, I have opined on the reasonableness of fees numerous times, in both state and federal court, and I have testified regarding the reasonableness of fees.

5. I am authorized to practice in all courts of the State of Florida and U.S. District Court, Northern District of Florida, U.S. District Court, Middle District of Florida and the Eleventh Circuit Court of Appeals.

6. In connection with the preparation of this Declaration, I have reviewed the pleadings and motions filed in the above-referenced action as well as the Orders entered by this Court, in addition to the time and expense report attached to Plaintiffs' Motion For Fees and Costs Against Defendants Flash Dancers, Inc. and M.T. Productions in Jacksonville, Inc.

7. In the Eleventh Circuit, *Norman v. Haus. Auth. Of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), provide the framework for awarding attorney's fees.

8. The starting point is the "lodestar," calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. *See e.g. Hensley*, 461 U.S. at 433, 103 S.Ct. 1933; *Norman*, 836 F.2d at 1299.

9. While the "lodestar" method effectively replaced the balancing test previously prescribed by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the twelve (12) *Johnson* factors "might still be considered in terms of their influence on the lodestar amount." *Norman*, 836 F.2d at 1299. In computing the lodestar amount, I have considered the

factors set forth in Rule 4-1.5(B) of the Florida Bar Rules of Professional Conduct and in *Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145 (Fla. 1985) as modified by *Standard Guaranty Insurance Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). In addition, I have considered the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

10. I understand The Casas Law Firm, P.C. litigates image infringement and publicity rights violation cases throughout the State of Florida.

11. I am aware that The Casas Law Firm, P.C. maintains time records that are contemporaneously made and maintained with said work and which reflect the actual fees incurred.

12. It is my understanding that the invoices submitted by The Casas Law Firm, P.C. in support of For Fees and Costs Against Defendants Flash Dancers, Inc. and M.T. Productions in Jacksonville, Inc. contain time entries for work incurred by the attorneys in the representation of the Plaintiffs in this action. It is the regular business practice of The Casas Law Firm, P.C. to enter and maintain said records in the regular course of The Casas Law Firm, P.C.'s practice.

13. My opinions set forth herein are based on the time records submitted with the Motion For Fees and Costs Against Defendants Flash Dancers, Inc. and M.T. Productions in Jacksonville, Inc. in this case for the time period of July 15, 2015 through July 31, 2019.

14. I am of the opinion that applicants' hourly rates as described in the Motion For Fees and Costs Against Defendants Flash Dancers, Inc. and M.T. Productions in Jacksonville, Inc. are reasonable. In forming this opinion, I took into consideration the prevailing market rate in the relevant legal community, Jacksonville, Florida, for similar services by lawyers of reasonably comparable skills, experience, and reputation.

15. I am aware that the lawyers at The Casas Law Firm, P.C. bill at rates between $425 and $250, based on their length of practice, their skill, and their experience.

16. Mr. Joseph Casas ("Mr. Casas") is a managing partner and has practiced in excess of eighteen (18) years, with a substantial number of those years of practice spent litigating publicity rights violations. Mr. Casas' rate of $425 per hour is consistent with his experience.

17. The other attorneys from the Casas Law Firm, P.C., including Dennis Postiglione, John Golaszewski, Ludmila Khomiak, and Sarah Cabarcas-Osman, each have sixteen (16), fifteen (15), eight (8), and nine (9) years of practice, respectively. Attorney rates for these individuals are $400, $400, and $250, respectively. As with Mr. Casas, these rates are commensurate with these attorneys' level of experience in publicity rights litigation and their reputation and expertise. These rates similarly appear to be reasonable based on the requisite criteria.

18. Lastly, the two paralegals at the Casas Law Firm, P.C., Linda Davila and Ashley Martinez's rates of $100 and $55 per hour, respectively are commensurate with the Middle District rates for paralegals.

19. I have made the following reductions to the time entries based on my review and a belief that the time was not reasonable:

   a. I have removed Mr. Casas' time related to the creation of the fee agreement: 2.5 hours.

    b. I have removed clerical time from Ms. Cabarca-Osman time: 2.6 hours.

    c. I have removed clerical time from Ms. Khomiak's time: 13.7 hours.

    d. I have removed time entries without a description from Ms. Khomiak's time: 1.5 hours.

    e. I have reduced Mr. Postiglione's time for work apparently done on another file (Motion to Reconsider) 2.5 hours.

    f. I have reduced Mr. Golaszewski's time for an apparent duplicate entry on July 25: 12 hours.

20. Apart from the reference above, I believe that the remaining time entries by the applicants are reasonable, based on the following factors: (a) the time and labor required in motion practice for three (3) years and six days of trial; (b) the consultations with the expert witnesses; (c) the novelty of the questions litigated by the Plaintiffs; and (d) the amount involved and the results obtained at jury trial.

21. I have no interest in the outcome of the proceedings, and I am not associated with nor employed by any party in this action, or by any attorney of record.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on August 19, 2019.

*Michael Fackler* (signature)

Michael T. Fackler